1   VERSO LAW GROUP LLP
    GREGORY S. GILCHRIST (State Bar No. 111536)
2   RYAN BRICKER (State Bar No. 269100)
    209 Kearny Street, Third Floor
3   San Francisco, California 94108
    Telephone:   (415) 534-0495
4   Facsimile:   (270) 518-5974
    Email:       greg.gilchrist@versolaw.com
5                ryan.bricker@versolaw.com

6   Attorneys for Plaintiff
    PATAGONIA, INC.

7

8                      UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                  WESTERN DIVISION – LOS ANGELES

11  PATAGONIA, INC.,                    Case No. 2:22-cv-1727

12                  Plaintiff,          **COMPLAINT FOR FRAUD,
                                        MISAPPROPRIATION OF
13          v.                          CORPORATE LIKENESS AND
                                        IDENTITY, TRADEMARK
14                                      INFRINGEMENT, TRADEMARK
    JOHN DOE,                           DILUTION, AND UNFAIR
15                                      COMPETITION**
                    Defendant.
16                                      **JURY TRIAL DEMAND**

17

18

19          This lawsuit is necessary to stop the Defendant from fraudulently holding him

20  or herself out as a representative of Patagonia, Inc. ("Patagonia") – including by

21  impersonating Patagonia's former creative director – as part of a dangerous and

22  predatory scheme to solicit disclosure of personal information, and to convince

23  deceived individuals to travel to a location under the false belief that they would be

24  paid for participating in a photography session.  Defendant is misappropriating

25  Patagonia's corporate identity and PATAGONIA trademark to facilitate the scheme,

26  while operating anonymously to avoid responsibility for and consequences of his or

27  her scheme.  Because Patagonia is concerned that this misconduct may be part of a

28  predatory scheme or plot to lure individuals who recognize Patagonia as a reputable

company into dangerous and harmful circumstances, Patagonia seeks an immediate injunction and damages, including to prevent anyone from becoming a victim of the scheme.  Patagonia alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Patagonia, Inc. ("Patagonia") is a California corporation headquartered at 259 West Santa Clara Street, Ventura, California 93001.  Patagonia has been designing, developing, marketing, and selling outdoor apparel, accessories, and active sportswear for nearly fifty years.  Patagonia's PATAGONIA brand is famous in the United States and around the world, and instantly recognized by consumers as a symbol of innovative apparel designs, quality products, and environmental and corporate responsibility.

2.      Defendant is an individual who, on information and belief – including based on the location of individuals approached by Defendant, and the ostensible site of purported photography sessions – is located in or near Los Angeles, California.  Due to Defendant's efforts to remain anonymous while conducting his or her scheme online, Defendant's identity is unknown at this time.

3.      Defendant has registered multiple email addresses using Patagonia's PATAGONIA trademark and corporate identity (including patagoniaclothingline@gmail.com and patagoniaoutdoorclothing@gmail.com). Defendant has held him or herself out as an authorized Patagonia representative in emails sent to individuals who have provided modeling services in the apparel and fashion industry.  At the end of the emails, Defendant includes the following: "© Patagonia, Inc. All Rights Reserved" and "© 2022 Patagonia, Inc. All Rights Reserved." In those emails, Defendant has falsely stated that he or she is an employee of Patagonia who is organizing a photography session supporting a Patagonia marketing campaign related to the "pandemic virus Covid-19." Defendant has requested that the recipients of his or her email messages provide personal and sensitive information including address, phone number, physical

1   measurements, and marital status.  Defendant has falsely represented to the

2   recipients that Patagonia would compensate them for participation in the

3   photography session ($2,500) and attempted to lure the recipients to a location that,

4   Patagonia is informed and believes, is in Southern California.

5       4.    Patagonia's trademark claims arise under the Trademark Act of 1946

6   (the Lanham Act), as amended by the Trademark Dilution Revision Act of 2006

7   (15 U.S.C. §§ 1051, *et seq.*).  This Court has jurisdiction over such claims pursuant

8   to 28 U.S.C. §§ 1338(a) and 1338(b) (trademark and unfair competition), 28 U.S.C.

9   § 1331 (federal question), and 15 U.S.C. § 1121 (Lanham Act).  This Court has

10  jurisdiction over the state law claims under 28 U.S.C. § 1367 (supplemental

11  jurisdiction).

12      5.    This Court has personal jurisdiction over Defendant because Defendant

13  has purposefully availed itself of the privilege of doing business in this district.

14  Defendant's scheme has targeted victims residing in this district, and Patagonia has

15  been informed that Defendant has sought to convince those individuals to meet him

16  or her at a location in this district.   Defendant has directed his or her conduct into

17  this district, including individually targeting Patagonia, a corporation with its

18  principal place of business in this district, by infringing its trademarks and

19  impersonating the company and its former employee.

20      6.    Venue is proper in this Court under 28 U.S.C. §§ 1391(b) and 1400(a)

21  because Defendant infringes Patagonia's intellectual property in this district,

22  transacts business in this district, and a substantial part of the events giving rise to

23  the claims asserted arose in this district.

### FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

**The History of Patagonia**

26      7.    Patagonia, Inc. was founded in the late 1960s to design and sell

27  climbing clothes and other active sportswear.  The company adopted the brand

28  "PATAGONIA" to differentiate another business that designed and manufactured

climbing gear and tools.  PATAGONIA was chosen as the trademark to call to mind romantic visions of glaciers tumbling into fjords, jagged windswept peaks, gauchos, and condors.

8.      Over the years, Patagonia, Inc. has been recognized and honored for its business initiatives, including receiving the Sustainable Business Counsel's first "Lifetime Achievement Award."  In 1996, with an increased awareness of the dangers of pesticide use and synthetic fertilizers used in conventional cotton growing, Patagonia, Inc. began the exclusive use of organically grown cotton and has continued that use for more than twenty years.  It was a founding member of the Fair Labor Association®, which is an independent multi-stakeholder verification and training organization that audits apparel factories.  Additionally, since 1985 Patagonia, Inc. has pledged 1% of sales to environmental groups to preserve and restore our natural environment, donating more than $100 million to date.  In 2002, Patagonia, Inc.'s founder, Yvon Chouinard, along with others, created a non-profit called 1% For the Planet® to encourage other businesses to do the same.  Today, more than 1,200 member companies have donated more than $150 million to more than 3,300 nonprofits through 1% For the Planet.  In 2012, Patagonia, Inc. became one of California's first registered Benefit Corporations, ensuring Patagonia, Inc. could codify into its corporate charter consideration of its workers, community, and the environment.  In 2016, Patagonia, Inc. pledged to donate all revenue from sales on Black Friday, donating $10 million to environmental grantees in response to customers' purchases on that day.  In 2018, Patagonia, Inc. pledged an additional $10 million in grants to environmental groups in response to recent tax cuts given to businesses.  Over the course of two weeks in December 2019, Patagonia matched another $10 million in donations to environmental and other grassroots organizations.

9.      In parallel with the company's commitment to these business and philanthropic initiatives, Patagonia has created an iconic and unique visual style for

its product presentation in-store and online, its promotional and marketing material, and its award winning catalogs. Those efforts have relied in part on Patagonia's partnership with both well-known and amateur photographers, who have contributed photographic content to Patagonia's essays on environmental issues, product catalogs, social media stories, and other branded publications. Patagonia's relationship with photographers, and with communities of outdoor and brand enthusiasts on social media, is a valuable and important aspect of Patagonia's reputation and its presentation of its products and brand.

**Patagonia's Trademarks**

10. Patagonia's products, marketing content, and catalogs are branded using Patagonia's set of famous trademarks, including the registered PATAGONIA. The mark is protected by the following U.S. trademark registrations, among others:

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| **PATAGONIA** | 1189402 / Feb. 9, 1982 | Men's and Women's Clothing-Namely, Sweaters, Rugby Shirts, Walking Shorts, Trousers, Jackets, Mittens, Hoods and Rainwear. | 08/1974 |
|  | 1294523 / Sept. 11, 1984 | Men's, Women's and Children's Clothing-Namely, Jackets, Pants, Vests, Gloves, Pullovers, Cardigans, Socks, Sweaters, Underwear, Shirts, Shorts, Skirts and Belts | 08/1974-1981 |
|  | 1775623 / June 8, 1993 | Luggage back packs, and all-purpose sports bags | 08/1988 |
| **PATAGONIA** | 1811334 / Dec. 14, 1993 | Luggage, back packs, fanny packs and all-purpose sport bags, footwear, ski bags and | 08/1990 |

| Trademark | Reg. No. / Reg. Date | Goods | Date of First Use |
|---|---|---|---|
| | | ski gloves | |
| **PATAGONIA** | 2260188 / July 13, 1999 | Computerized on-line ordering activities in the field of clothing and accessories; Providing information in the field of technical clothing and accessories for use in recreational, sporting and leisure activities; providing information in the field of existing and evolving environmental issues | 10/1995 |
| **PATAGONIA.COM** | 2392685 / Oct. 10, 2000 | On-line retail store and mail order services featuring technical clothing, footwear, and accessories; Computer services in the nature of on-line information related to the environment and clothing | 10/1995 |
| **PATAGONIA** | 2662619 / Dec. 17, 2002 | Retail store services featuring clothing, footwear, luggage and a wide variety of sporting goods and accessories | 06/1986 |

These registrations for the PATAGONIA mark and logos are in full force and effect.  The registrations have become incontestable under 15 U.S.C. § 1065. Collectively, these marks, Patagonia's other registered trademarks, and its common law marks are referred to as the "PATAGONIA trademarks."

11.    The PATAGONIA trademarks are distinctive, arbitrary and fanciful, entitled to the broadest scope of protection, and certain of the PATAGONIA trademarks are registered worldwide.

12.    For many years prior to the events giving rise to this Complaint and continuing to the present, Patagonia annually has spent enormous amounts of time, money, and effort advertising and promoting the products on which its PATAGONIA trademarks are used.  PATAGONIA brand products are advertised in a variety of

1    contexts and media, including in print and on the Internet.  In addition to advertising

2    by Patagonia, the PATAGONIA trademarks are also advertised and promoted and

3    presented at point of sale by numerous retailers.  The public, accordingly, is exposed

4    to the PATAGONIA trademarks in a wide range of shopping and post-sale contexts.

5            13.    Patagonia has sold its PATAGONIA brand products all over the world,

6    including throughout the United States and California.  Through its promotion and

7    investment in its brand and extensive sales, publicity, awards, and leadership in

8    sustainable sourcing practices, Patagonia has acquired enormous goodwill in its

9    PATAGONIA trademarks.  The PATAGONIA trademarks are famous within the

10   meaning of the Trademark Dilution Revision Act, enjoy strong consumer recognition,

11   and are recognized around the world and throughout the United States by consumers

12   as signifying high quality products made by a responsible company.

13   **Defendant's Illegal Acts**

14           14.    Defendant is intentionally misrepresenting him or herself as an

15   authorized representative of Patagonia – including by impersonating Patagonia's

16   former creative director, John Goodwin – as part of a scheme to defraud (or worse)

17   potential apparel models, solicit disclosure of personal information from them, and

18   convince them to travel to a fake photography session.  To facilitate the scheme,

19   Defendant is using Patagonia's identity for Defendant's own commercial advantage,

20   without Patagonia's consent.  Among other harmful misappropriations of Patagonia's

21   identity, Defendant has registered email addresses using Patagonia's corporate name

22   and PATAGONIA trademark, including patagoniaclothingline@gmail.com and

23   patagoniaoutdoorclothing@gmail.com.  Defendant has also included a fraudulent

24   copyright notice in those emails, reading "© 2022 Patagonia, Inc. All Rights

25   Reserved. Do Not Sell My Data."

26           15.    Patagonia is informed and believes, including based on Defendant's

27   deceptive emails, that Defendant identified potential apparel models based on

28   Instagram profiles belonging to young women and men in the Los Angeles area.

16.    In the deceptive messages sent to potential models, Defendant falsely advertised a paid photography opportunity and offered to hire the recipients to appear in photos commissioned by Patagonia as part of "Patagonia Clothing's COVID-19 Response Campaign."  Defendant offered that Patagonia would pay $2,500 in exchange for the potential models' participation.  Defendant asked the potential models to provide several categories of personal information, including residential address, phone numbers, age, marital status, physical measurements, shoe size, eye color, and hair color.  Defendant represented to potential models that the photography session would be held near a "railway line close to where you are located," or "a train track/station closer to where you are located."  Examples of Defendant's messages follow:

| | Content of Message |
|---|---|
| 1 | On Fri, Jan 28, 2022 at 4:31 PM Patagonia Clothing° <patagoniaclothingline@gmail.com> wrote:<br><br>Hello, how are you today? My name is John Goodwin and I'm the Creative Director at Patagonia. I checked out your profile on Instagram and I got interested in your works( shots/pictures). We would like to work with you on our next project which is Campaign Awareness against the pandemic virus Covid-19.<br><br>It's a paid shoot. Let me know your availability status for February/March 2022, and if you're interested in this project so we can proceed with more details.<br><br>I await your urgent reply.<br><br>Please Stay Safe.<br><br>John Goodwin.<br><br>© 2022 Patagonia, Inc. All Rights Reserved. Do Not Sell My Data |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



On Mon, Jan 31, 2022 at 12:54 PM Patagonia Clothing <patagoniaclothingline@gmail.com> wrote:
Hi, thanks for getting back. In response to the generous requests to provide assistance during the ongoing novel coronavirus pandemic, Patagonia Clothing is launching a COVID-19 Community Response  Campaign.

The Community Response Campaign is Patagonia's effort to direct people's generosity, time, and resources to provide meaningful impact for patients and caregivers of the Corona virus in a variety of ways.

Patagonia Clothing's COVID-19 Response Campaign priorities include:

-Donate to support Clinics and caregivers – Support the needs of frontline caregivers with items such as gift cards for meals from local restaurants.

-Contribute needed supplies – To be prepared for a potential surge of patients in the coming weeks, Patagonia Clothings will help source the following supplies such as hand sanitizers, disinfecting wipes, hand gloves, and masks.

-Donate to COVID-19 treatment and research.

-Supply masks and hand gloves to affected communities

-Follow instructions on making approved masks to help us support the community.

These donated masks will be used to help reinforce cough etiquette in our community. Cough etiquette, which includes covering your cough, is an important way to help stop the spread of COVID-19 and protect those around us.

We need both male and female talents for this Promotional Campaign in different affected locations across the state. We believe this will provide relief during the crisis and also help boost sales across the country after the crisis.

Talent will serve as a model, showcasing different holiday wears, makeup looks, and trends. The wardrobe for the shoot, professional hair, and makeup will all be provided on set. Models must have a great smile, should be expressive with their eyes, body language, and be able to take directions well.

The concept for the Promotional Campaign Shoot will be a railway concept, so shots will be taken on a train track/station closer to where you are located in order to avoid any traveling during this hazardous time, and pictures will be used to advertise products and also for the photographer's portfolio as well.

Payment/Compensation for the Promotional Campaign will be 2500 USD (with 500 USD upfront payment). We are currently in discussion with the Office of the FRA to find an isolated spot for the shots to be taken without interruption from train activities. Due to the pandemic, we'll have just a few of the crew members to participate in the shoot, the MUA, and the stylist who will be led by the photographer. Our main goal is to continue to pursue the clothing line. To spread the word that the unique brand exists even through these hard times. A brand designed for style, fashion, and motivation for men and women. A dream and a vision to go WORLDWIDE with the team.

Kindly get back to me to know if all is clear to you and then we can proceed.

Please Stay Safe,

John Goodwin

© 2022 Patagonia, Inc. All Rights Reserved.



On Wed, Feb 2, 2022 at 4:16 PM Patagonia Clothing <patagoniaclothingline@gmail.com> wrote:

Hello ███, thanks for your prompt response. I am working on the shoot logistics at the moment, so it can be held by the 26th of February 2022 and the pictures will be used for the promotion sales. Patagonia Clothings will be responsible for the provision of your clothing, make-up, and hairstyle that will be used for the project.

The location of the shoot will be a railway line closer to where you are located to avoid any traveling due to the pandemic outbreak. As soon as the project is finalized, the photographer will get in touch with more details about the shoot. Payment/Compensation for the Promotional Campaign will be 2500 USD (with 500 USD upfront payment).

You will also receive an extra amount for your costume which you will forward to the fashion stylist as required. Each model contract is packaged with a stylist due to our covid 19 protocols.

Please forward your Statistics for Attire, Statistics for shoes, and the following information as clearly outlined below in order to sign-up and enable our financial department to prepare your payment.

Full Name:

Residential address in full:

City:

State:

Zip-code:

Phone number(cell and home):

Age:

Marital Status:

Height:

Weight:

Bust: Size:

Waist:

Hips:

Shoe size:

Eye Color:

Hair Color:

Agency signed to:

Any previous Modeling Experience:

Websites your profile can be found:

Thanks and looking forward to working with you.

Please Stay Safe,

John Goodwin

© 2022 Patagonia, Inc. All Rights Reserved. Do Not Sell My Data

4

On Wednesday, March 9, 2022, 14:01, Patagonia
Clothing <patagoniaoutdoorclothing@gmail.com> wrote:

Hello, My name is John Goodwin and I'm the
Creative Director at Patagonia. I checked out your
profile on Instagram and I got interested in your
works( shots/pictures), and we would like to work
with you on our next project which is Campaign
Awareness against the pandemic virus Covid-19.

It's a paid shoot. Let me know your
availability status for March & April 2022, and
if you're interested in this project so we can
proceed with more details.

I await your urgent reply.
Stay Safe.
John Goodwin.

© 2022 Patagonia, Inc. All Rights Reserved.

17.   Defendant used Patagonia's PATAGONIA trademarks in all fraudulent
and deceptive messages sent in furtherance of this scheme.

18.   Based on emails reviewed by Patagonia, individuals relied on
Defendant's misrepresentations and deception, including by providing information to
Defendant for purposes of participating in Defendant's fraudulent photography
sessions.

19.   Defendant's trademark infringement, fraudulent conduct, and false
representations are willful and malicious.  Defendant's intent is obvious from the
nature of the scheme itself, and is underscored by the fact that – after Patagonia
worked with Google to disable the first PATAGONIA-formative Gmail account that
Defendant used to send his or her fraudulent messages – Defendant registered yet
another Gmail account misappropriating Patagonia's identity and using the
PATAGONIA trademarks and continued the scheme.

20.   Defendant's misuse of the PATAGONIA trademarks has caused or will
cause a likelihood of confusion among the public regarding whether Patagonia has

authorized Defendant's purported coordination of photography sessions, and/or
whether Patagonia is somehow affiliated with Defendant.

21. Defendant began misusing the PATAGONIA trademarks long after the
PATAGONIA trademarks became famous. Defendant's use of the PATAGONIA
trademarks in the manner described in this Complaint has caused or is likely to cause
dilution of Patagonia's famous and distinctive marks by diminishing their
distinctiveness and singular association with Patagonia. Patagonia has no alternative
but to protect its goodwill and famous trademark by obtaining an injunction against
Defendant's further use of the PATAGONIA trademarks.

22. Defendant's actions have caused and will cause Patagonia irreparable
harm for which money damages and other remedies are inadequate. Unless
Defendant is restrained by this Court, Defendant will continue expanding its illegal
activities and otherwise continue to cause irreparable damage and injury to Patagonia
– and to the recipients of the fraudulent messages who believe they are dealing with
Patagonia – by, among other things:

a. Deceiving and defrauding recipients of Defendant's email
messages and inquiries, under the guise of operating on behalf of Patagonia or with
Patagonia's authorization, potentially harming such recipients and damaging
Patagonia's brand and reputation;

b. Depriving Patagonia of its statutory rights to use and control
use of its trademark and identity;

c. Creating a likelihood of confusion, mistake, and deception
among the public and the trade as to the source of Defendant's purported
photography sessions;

d. Causing the public falsely to associate Patagonia with
Defendant and/or its photography sessions, or vice versa;

e. Causing the public falsely to believe Patagonia has employed or is
otherwise associated with Defendant, or vice versa;

f.    Causing incalculable and irreparable damage to Patagonia's goodwill and diluting the capacity of its famous PATAGONIA trademarks to identify Patagonia as the source of its products and services; and

g.    Creating, through Defendant's falsehoods, a negative reputation and fear of fraud within the market for models about the desirability and reliability of working with Patagonia.

23.    Accordingly, in addition to other relief, Patagonia is entitled to injunctive relief against Defendant.

**FIRST CLAIM**

**FRAUD**

**(Cal. Civ. Code § 1711, § 3294)**

24.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 23 of this Complaint.

25.    Defendant has intentionally misrepresented him or herself as an employee and authorized representative of Patagonia, with the intent to deceive recipients of Defendant's messages – which Defendant has sent through email addresses that use Patagonia's trademarks and corporate identity – seeking to extract, without informed consent, personal and confidential information, arranging photography sessions, and inducing the recipients to attend such photography sessions.  Patagonia is informed and believes that, beginning in late-January 2022 and continuing until at least March 9, 2022, Defendant sent emails containing falsehoods, offers, and requests as alleged to models identified on social media sites.

26.    Recipients of Defendant's messages have in fact relied on Defendant's misrepresentations, and – including based on Defendant's misuse of the PATAGONIA trademarks and Defendant's impersonation of Patagonia's former creative director – such reliance has been reasonable.  Defendant's fraud scheme and the resulting reliance has damaged both the recipients themselves and Patagonia, including through damage to Patagonia's brand and reputation.

27.     As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover both its damages and punitive damages pursuant to Cal. Civ. Code § 3294.

28.     Patagonia is entitled to injunctive relief that requires Defendant to immediately discontinue his or her fraud scheme, including by ceasing sending messages under the guise of authority from Patagonia and in connection with the PATAGONIA trademarks.

## SECOND CLAIM
## MISAPPROPRIATION OF LIKENESS
### (Cal. Civ. Code § 3344)

29.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 28 of this Complaint.

30.     Defendant has misappropriated Patagonia's identity as part of his or her deceptive scheme, and to Defendant's advantage in that the misuse of Patagonia's identity lends credibility to Defendant's illegal requests for personal and sensitive information, and fraudulent photography sessions.  Accordingly, there is a direct connection between Defendant's misuse and his or her nefarious, commercial purpose.

31.     Defendant's misappropriation as described in this Complaint has been willful and intentional.  Defendant had knowledge of Patagonia's identity and reputation, and deliberately misused Patagonia's name and trademarks in furtherance of his or her illegal scheme.

32.     Patagonia has not consented to Defendant's use of the Patagonia name, Patagonia's corporate identity, or the PATAGONIA trademarks.

33.     As a result of Defendant's misappropriation, Patagonia's brand and reputation have been damaged, and the ability of its name and corporate identity to uniquely identify Patagonia has been diminished.

34.     Patagonia is entitled to injunctive relief to prevent Defendant's ongoing

1  misappropriation of its identity.  Without injunctive relief, Patagonia has no means

2  by which to prevent the continuing injury to its reputation and goodwill.  Patagonia

3  has been and will continue to be irreparably harmed.  No amount of money damages

4  can adequately compensate Patagonia if it loses the ability to control its identity.

5      35.    As a direct and proximate result of Defendant's conduct, Patagonia is

6  entitled to recover Patagonia's damages, a disgorgement of any profits collected by

7  Defendant as a result of his or her misappropriation, punitive damages, and an

8  award of attorneys' fees under Cal. Civ. Code § 3344.

9                          **THIRD CLAIM**

10          **COMMON LAW COMMERCIAL MISAPPROPRIATION**

11     36.    Patagonia realleges and incorporates by reference each of the

12  allegations contained in paragraphs 1 through 35 of this Complaint.

13     37.    Defendant has misappropriated Patagonia's identity as part of his or her

14  deceptive scheme, and to Defendant's advantage in that the misuse of Patagonia's

15  identity lends credibility to Defendant's illegal requests for personal and sensitive

16  information, and fraudulent photography sessions.

17     38.    Patagonia has not consented to Defendant's use of the Patagonia name,

18  Patagonia's corporate identity, or the PATAGONIA trademarks.

19     39.    As a result of Defendant's misappropriation, Patagonia's brand and

20  reputation have been damaged, and the ability of its name and corporate identity to

21  uniquely identify Patagonia has been diminished.

22     40.    Patagonia is entitled to injunctive relief to prevent Defendant's ongoing

23  misappropriation of its identity.  Without injunctive relief, Patagonia has no means

24  by which to prevent the continuing injury to its reputation and goodwill.  Patagonia

25  has been and will continue to be irreparably harmed.  No amount of money damages

26  can adequately compensate Patagonia if it loses the ability to control its identity.

27     41.    As a direct and proximate result of Defendant's conduct, Patagonia is

28  entitled to recover Patagonia's damages, a disgorgement of any profits collected by

1    Defendant as a result of his or her misappropriation, punitive damages, and an
2    award of attorneys' fees.

3                              **FOURTH CLAIM**
4                **FEDERAL TRADEMARK INFRINGEMENT**
5                      **(15 U.S.C. §§ 1114-1117)**

6           42.    Patagonia realleges and incorporates by reference each of the
7    allegations contained in paragraphs 1 through 41 of this Complaint.

8           43.    Defendant has used, in connection with his or her intentionally false
9    and misleading requests for information and coordination of photography sessions,
10   words and symbols that infringe upon Patagonia's PATAGONIA trademarks.

11          44.    These acts of trademark infringement have been committed with the
12   intent to cause confusion, mistake, or deception, and are in violation of 15 U.S.C.
13   § 1114.

14          45.    As a direct and proximate result of Defendant's conduct, Patagonia is
15   entitled to recover Patagonia's damages (trebled), a disgorgement of any profits
16   collected by Defendant (trebled), and an award of attorneys' fees under 15 U.S.C.
17   § 1117(a).

18          46.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a)
19   that requires Defendant to stop use of any mark or design similar to the
20   PATAGONIA trademarks.

21                               **FIFTH CLAIM**
22               **FEDERAL UNFAIR COMPETITION**
23   **(False Designation of Origin and False Description – 15 U.S.C. § 1125(a))**

24          47.    Patagonia realleges and incorporates by reference each of the
25   allegations contained in paragraphs 1 through 46 of this Complaint.

26          48.    Defendant's conduct as alleged in this Complaint constitutes the use of
27   symbols or devices tending falsely to describe Defendant's affiliation with
28   Patagonia and the photography services that Defendant purports to offer, within the

meaning of 15 U.S.C. § 1125(a)(1).  Defendant's conduct is likely to cause confusion, mistake, or deception by or in the public as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's efforts to coordinate photography sessions to the detriment of Patagonia and in violation of 15 U.S.C. § 1125(a)(1).

49.    As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover Patagonia's damages (trebled), a disgorgement of any profits collected by Defendant (trebled), and an award of attorneys' fees under 15 U.S.C. § 1117(a).

50.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a) that requires Defendant to stop use of any mark or design similar to the PATAGONIA trademarks.

**SIXTH CLAIM**

**FEDERAL DILUTION OF FAMOUS MARK**

**(Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c))**

51.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 50 of this Complaint.

52.    Patagonia's PATAGONIA trademark is distinctive and famous within the meaning of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c), and was famous prior to Defendant's conduct as alleged in this Complaint.

53.    Defendant's conduct is likely to cause dilution of Patagonia's PATAGONIA trademark by diminishing its distinctiveness in violation of the Trademark Dilution Revision Act of 2006, 15 U.S.C. § 1125(c).

54.    As a direct and proximate result of Defendant's conduct, Patagonia is entitled to recover Patagonia's damages (trebled), a disgorgement of any profits collected by Defendant (trebled), and an award of attorneys' fees under 15 U.S.C. §§ 1117(a) and 1125(c).

55.    Patagonia is entitled to injunctive relief pursuant to 15 U.S.C.

1  §§ 1116(a) and 1125(c) that requires Defendant to stop use of any mark or design

2  similar to the PATAGONIA trademarks.

3  ### SEVENTH CLAIM

4  ### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

5  ### UNDER CALIFORNIA STATUTORY LAW

6  **(Cal. Bus. & Prof. Code §§ 14200 *et seq.*; Cal. Bus. & Prof. Code § 17200 *et***

7  ***seq.*)**

8      56.    Patagonia realleges and incorporates by reference each of the

9  allegations contained in paragraphs 1 through 55 of this Complaint.

10      57.    Patagonia is the owner of registered and common law rights in its

11  PATAGONIA trademarks and Patagonia corporate name and identity.

12      58.    Defendant is misusing Patagonia's brand and identity – including by

13  registering email addresses that copy Patagonia's trademarks, and by falsely

14  impersonating Patagonia's former creative director – without the consent of

15  Patagonia and in connection with the Defendant's illegal solicitation of personal and

16  sensitive information from potential apparel models, illegal advertisement of paid

17  photography sessions in connection with Patagonia's brand, and efforts to convince

18  individuals to meet Defendant at a location to participate in such photography

19  sessions.

20      59.    Defendant's misuses of the PATAGONIA trademarks and

21  impersonation of Patagonia's former director is likely to cause confusion, mistake,

22  and deception as to Defendant's relationship with Patagonia, and/or the propriety

23  and source of Defendant's offerings.

24      60.    Defendant uses copies of the PATAGONIA trademarks to enhance the

25  commercial value of his or her scheme.

26      61.    Defendant's conduct as alleged in this Complaint constitutes "unlawful,

27  unfair or fraudulent business act[s] or practice[s] and unfair, deceptive, untrue or

28  misleading advertising" within the meaning of California Business & Professions

COMPLAINT – Case No. 2:22-cv-1727

Code §§ 17200 et seq.

62.     Defendant's acts violate Patagonia's rights under California Business & Professions Code §§14245 et seq.

63.     Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from continuing to misuse Patagonia's brand and corporate identity in connection with the illegal scheme, and from continuing to use any design that is likely to be confused with the PATAGONIA trademarks.

64.     Without injunctive relief, Patagonia has no means by which to prevent the continuing injury to its reputation and goodwill, or to prevent the ongoing misuse of its PATAGONIA trademarks.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia if it loses the ability to control its identity and marks.

65.     Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Patagonia's damages (and of Defendant's unlawful profits, if any) under California Business & Professions Code § 14250.

## EIGHTH CLAIM

## TRADEMARK DILUTION UNDER CALIFORNIA LAW

### (Cal. Bus. & Prof. Code § 14247)

66.     Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 65 of this Complaint.

67.     Patagonia owns valid and protectable rights in the PATAGONIA mark.

68.     The PATAGONIA mark—a registered mark in the state of California—is distinctive and famous within the meaning of the California Model State Trademark Law, Cal. Bus. & Prof. Code § 14247, in that it is a household brand in California, and was famous prior to time that Defendant began misusing the mark as part of the scheme outlined in this Complaint.

69.     Defendant's acts are likely to dilute the distinctive quality of the

PATAGONIA mark.  Defendant's acts therefore constitute trademark dilution under California Business & Professions Code § 14247, the analogous statutes of other states, and under California common law.

70.    Patagonia is entitled to monetary damages and injunctive relief prohibiting Defendant from continuing to misuse Patagonia's brand and corporate identity in connection with the illegal scheme.  Without injunctive relief, Patagonia has no means by which to prevent the continuing injury to its reputation and goodwill, or to prevent the ongoing dilution of its PATAGONIA mark.  Patagonia has been and will continue to be irreparably harmed.  No amount of money damages can adequately compensate Patagonia for such harm.

71.    Because Defendant's actions have been committed willfully, maliciously, and intentionally, Patagonia is entitled to treble the amount of Patagonia's damages (and of Defendant's unlawful profits, if any) under California Business & Professions Code § 14250.

## NINTH CLAIM

## TRADEMARK INFRINGEMENT UNDER CALIFORNIA COMMON LAW

72.    Patagonia realleges and incorporates by reference each of the allegations contained in paragraphs 1 through 71 of this Complaint.

73.    Patagonia owns valid and protectable rights in its PATAGONIA trademarks at common law.

74.    Defendant's misuses of the PATAGONIA trademarks and impersonation of Patagonia's former director is likely to cause confusion, mistake, and deception as to Defendant's relationship with Patagonia, and/or the propriety and source of Defendant's offerings.

75.    Defendant misappropriated, misused, and infringed Patagonia's PATAGONIA trademarks with knowledge and intent to cause confusion, mistake, or deception.

76.    Defendant's conduct is aggravated by that kind of willfulness, wanton-

1    ness, malice, and conscious indifference to the rights and welfare of Patagonia for

2    which California law allows the imposition of exemplary damages.

3        77.    As a direct and proximate result of Defendant's activities, Patagonia

4    has suffered substantial damage.

5        78.    Unless restrained and enjoined, the conduct of Defendant will further

6    impair the value of the PATAGONIA trademarks and Patagonia's business

7    reputation and goodwill.  Patagonia has no adequate remedy at law.

8        79.    Patagonia is entitled to monetary damages and injunctive relief

9    prohibiting Defendant from using any mark or design similar to the PATAGONIA

10   trademarks.

11       80.    Without injunctive relief, Patagonia has no means by which to control

12   the continuing injury to their reputation and goodwill or that of its PATAGONIA

13   trademarks.  Patagonia has been and will continue to be irreparably harmed.  No

14   amount of money damages can adequately compensate Patagonia if it loses the

15   ability to control its marks.

16       81.    Because Defendant's actions have been committed willfully,

17   maliciously, and intentionally, Patagonia is entitled to recover reasonable attorneys'

18   fees and compensatory and punitive damages.

19

20                        **PRAYER FOR JUDGMENT**

21       WHEREFORE, Patagonia prays that this Court grant it the following relief:

22       1.    Adjudge that Defendant has committed fraud and deceit within the

23   meaning set forth in Cal. Civ. Code § 1711, entitling Patagonia to injunctive relief

24   and damages, including punitive damages, as set out in § 3294;

25       2.    Adjudge that Defendant has misappropriated Patagonia's identity in

26   violation of Patagonia's rights under Cal. Civ. Code § 3344;

27       3.    Adjudge that Defendant has misappropriated Patagonia's identity in

28   violation of California common law;

4.      Adjudge that the PATAGONIA trademarks have been infringed by Defendant in violation of Patagonia's rights under 15 U.S.C. § 1114;

5.      Adjudge that the PATAGONIA trademarks have been infringed by Defendant in violation of California statutory law;

6.      Adjudge that Patagonia's common law rights in the PATAGONIA trademarks have been infringed;

7.      Adjudge that Defendant has competed unfairly with Patagonia in violation of Patagonia's rights under 15 U.S.C. § 1125(a);

8.      Adjudge that Defendant has competed unfairly with Patagonia in violation of California statutory law;

9.      Adjudge that Defendant's activities are likely to dilute Patagonia's famous PATAGONIA trademark in violation of Patagonia's rights under 15 U.S.C. § 1125(c) and/or California law;

10.      Adjudge that Defendant and his or her agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active concert or participation with him or her, and/or any person(s) acting for or with him or her, be enjoined and restrained at first during the pendency of this action and thereafter permanently from:

a.      Misappropriating or otherwise using Patagonia's corporate identity, company name, and brand, for Defendant's advantage (commercial or otherwise), without Patagonia's consent;

b.      Continuing to deceive and/or defraud individuals by impersonating Patagonia or any of Patagonia's current or former employees or principals, or otherwise deceiving or defrauding individuals in connection with Patagonia's corporate identity, company name, brand, or PATAGONIA trademarks;

c.      Using any word, term, name, symbol, device, or combination that causes or is likely to cause confusion, mistake, or deception as to the affiliation or association of Defendant with Patagonia, or any false designation of origin, false

or misleading description or representation of fact, or any false or misleading advertising, or likely dilution of the PATAGONIA trademark;

    d.    Further infringing the rights of Patagonia in and to its PATAGONIA trademarks, or otherwise damaging Patagonia's goodwill or business reputation;

    e.    Further diluting the famous PATAGONIA trademark;

    f.    Otherwise competing unfairly with Patagonia in any manner; and

    g.    Continuing to perform in any manner whatsoever any of the other acts complained of in this Complaint;

11.    Adjudge that Defendant is prohibited from applying to register or otherwise creating or using any email address that reproduces or simulates any of the PATAGONIA trademarks, and from applying to register any other trademark or service mark which is likely to be confused with, or that dilutes the distinctive quality of, Patagonia's PATAGONIA trademarks;

12.    Adjudge that Defendant be required immediately to disable all email addresses, domain names, social media accounts and any other communication method or online communication channel that incorporates or simulates Patagonia's PATAGONIA trademarks, or that otherwise has been used in connection with the conduct described in this Complaint;

13.    Adjudge that Defendant, within thirty (30) days after service of the Court's judgment, be required to file with this Court and serve upon Patagonia's counsel a written report under oath setting forth in detail the manner in which he or she has complied with the judgment;

14.    Adjudge that Patagonia recover from Defendant its damages and lost profits, and Defendant's profits, in an amount to be proven at trial;

15.    Adjudge that Defendant be required to account for any profits that are attributable to his or her illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under Cal. Civ. Code § 3294,

plus prejudgment interest;

16.    Adjudge that Defendant be required to account for any profits that are attributable to his or her illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under Cal. Civ. Code § 3344, plus prejudgment interest;

17.    Adjudge that Defendant be required to account for any profits that are attributable to its illegal acts, and that Patagonia be awarded (1) Defendant's profits and (2) all damages sustained by Patagonia, under 15 U.S.C. § 1117, plus prejudgment interest;

18.    Adjudge that the amounts awarded to Patagonia pursuant to 15 U.S.C. § 1117 shall be trebled;

19.    Adjudge that Patagonia recover from Defendant punitive damages pursuant to Cal. Civ. Code § 3294;

20.    Adjudge that Patagonia recover from Defendant punitive damages pursuant to Cal. Civ. Code § 3344;

21.    Order an accounting of and impose a constructive trust on all of Defendant's funds and assets that arise out of its fraudulent, infringing, dilutive, and/or other activities described in this Complaint;

22.    Adjudge that Patagonia be awarded its costs and disbursements incurred in connection with this action, including Patagonia's reasonable attorneys' fees and investigative expenses; and

23.    Adjudge that all such other relief be awarded to Patagonia as this Court deems just and proper.

/ / /

/ / /

/ / /

1   DATED:  March 15, 2022            Respectfully submitted,

2                                     VERSO LAW GROUP LLP

3

4                                     By:   */s/Ryan T. Bricker*
                                           RYAN T. BRICKER
5
                                      Attorneys for Plaintiff
6                                     PATAGONIA, INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Patagonia, Inc. demands that this action be tried to a jury.

DATED:  March 15, 2022          Respectfully submitted,

VERSO LAW GROUP LLP


By:  */Ryan T. Bricker*
          RYAN T. BRICKER

Attorneys for Plaintiff
PATAGONIA, INC.